[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 108
On June 16, 2000, the plaintiffs, Glen R. Walden and Brenda R. Walden, filed a three-count amended complaint against the defendants, Service Merchandise Company, Inc. (Service Merchandise) and Beldare Enterprises, Inc. (Beldare). In the first count, the plaintiffs assert a product liability claim against Service Merchandise. In the second and third counts, the plaintiffs assert product liability and loss of consortium claims, respectively, against Beldare.
Beldare now moves to strike that portion of the plaintiffs' prayer for relief that requests punitive damages and attorney's fees. The plaintiffs did not file a memorandum of law in opposition to the motion, as required by Practice Book § 10-42. Nevertheless, the court will exercise its discretion and address the motion on its merits.[1] See Brouillard v.United Illuminating Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 418595 (June 1, 1999, Silbert, J.) (holding that the court has the discretion to address the merits of a motion despite a party's failure to file an opposing memorandum of law, where the moving party fails to raise an objection to the opposing party's failure to comply with the mandatory filing provision of the rules of practice).
 A Punitive Damages
The defendant moves to strike the plaintiffs' punitive damages claim on the ground that it is legally insufficient. The defendant argues that in product liability actions, punitive damages are awarded only if the plaintiffs plead and prove that the product seller recklessly disregarded the safety of product users.
In product liability actions, "punitive damages may be awarded if the CT Page 11384 claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the Product." General Statutes § 52-240b. "`In order to survive a motion to strike a claim for punitive damages based on . . . § 52-240b, the allegations of the complaint must allow for the presentation of facts necessary to show a reckless disregard for the safety of product users.' . . . The mere use of the word `reckless' in a pleading is insufficient to raise an actionable claim without some factual allegations in support thereof . . . `To satisfy a claim of recklessness, the defendant's acts must be alleged to have been done with a reckless indifference to the interests of others.'" (Citations omitted.) DuJack v. Brown Williamson Tobacco Corp., Superior Court, judicial district of Windham at Putnam, Docket No. 060703 (February 16, 2000, Sferrazza, J.).
In the present case, the plaintiffs' amended complaint fails to allege that the defendant recklessly disregarded the safety of its product users. See DuJack v. Brown Williamson Tobacco Corp. supra, Superior Court, Docket No. 060703. Therefore, the plaintiffs' claim for punitive damages is legally insufficient.
 B Attorney's Fees
The defendant moves to strike the plaintiffs' claim for attorney's fees on the ground that it is legally insufficient. The defendant argues that in product liability claims, attorney's fees are awarded only if its defenses are frivolous. Moreover, the defendant argues that attorney's fees are awarded post-judgment.
"If the court determines that the claim or defense is frivolous, the court may award reasonable attorney's fees to the prevailing party in a products liability action." General Statutes § 52-240a. "The proper way to request a claim for attorney's fees is by motion for award of attorney's fees, following the parties' presentation of evidence, based on a claim that the party's cause of action or defense was frivolous."McCurry v. Home Depot, Inc., Superior Court, judicial district of Waterbury, Docket No. 120316 (September 7, 1994, Sylvester, J.); see alsoPontillo v. West Farms Associates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 360344 (April 13, 1994,Aurigemma, J.).
Here, the plaintiffs' amended complaint does not contain allegations that the defendant's defenses are frivolous. See McCurry v. Home Depot.Inc., Superior Court, Docket No. 120316. Moreover, in a product liability action, a request for attorney's fees is properly brought following the CT Page 11385 presentation of evidence. See id. Therefore, the court finds that the plaintiffs' claim for attorney's fees is legally insufficient.
 CONCLUSION
Based upon the foregoing, the defendant's motion to strike that portion of the plaintiffs' prayer for relief that requests attorney's fees and punitive damages is granted.
The Court
By Grogins, J.